CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Ronald Salyer, )
)
    Plaintiff, )   Case No. 7:05CV00269
)
v. )   **MEMORANDUM OPINION**
)
CACV OF COLORADO, LLC, *et al.* )   By: Hon. James C. Turk
)   Senior United States District Judge
    Defendants. )

    This case is before the court on the parities cross-motions for summary judgment. (Dkt. Nos. 9 & 12). The plaintiff, Ronald L. Salyer ("Salyer"), *pro se*, alleges that CACV of Colorado, L.L.C. ("CACV"), Charles Koehler, Anne Prentice, and Martin & Seibert of West Virginia, Inc. ("Martin & Seibert") (collectively "defendants") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.* (Count I), and that the defendants violated his due process rights (Count II).[1] Specifically, he says the defendants failed to provide adequate notice under 15 U.S.C. §1692g, and unconstitutionally limited the time for him to respond to them. The parties have briefed the issues, and the Court heard oral arguments on July 21, 2005, thus the matter is now ripe for decision. Upon consideration of the record, the parties arguments, and the applicable law, the Court grants the defendant's Motion for Summary Judgment as to the federal claims, denies the plaintiff's Motion for Summary Judgment, and, to the extent the plaintiff alleges such a claim, dismisses without prejudice any ancillary state law claim.

---

[1]     The plaintiff did not expressly bring his claim under 42 U.S.C. §1983 in his complaint, but clairified this allegation in a later pleading (Dkt. No. 16). Thus, the Court will presume that he alleges a constitutional violation under that statute.
    Also, the defendants read the plaintiff's complaint to allege a state law tort of intentional infliction of emotional distress. They base this conclusion on the plaintiff's prayer for relief, which alleges the defendants intentionally inflicted "Emotional Stress" on him.

1

# I

In 2000, Salyer purchased $15,000 worth of long distance telephone calling cards using two personal credit cards – one issued by MBNA America Bank, N.A. ("MBNA"), and the other issued by Bank of America. Before he had used all of the calling cards, the company providing the service went out of business. Because the company defaulted on its promise to Salyer, the plaintiff decided to stop paying the credit card companies. He believed he was a victim of fraud because he thinks the calling card company went out of business to avoid bankruptcy. Moreover, he believes it is the credit card companies' responsibility to investigate this fraud, and that he need not pay for these purportedly fraudulent transactions.

Because Salyer failed to make the required payments on his MBNA credit card, MBNA sold the bad debt to CACV in June 2002. Before CACV retained Martin & Seibert to collect the debt from Salyer, however, it secured an arbitration award regarding the amount of the debt. Salyer participated in the arbitration proceedings, but lost. On May 9, 2003, the arbiter determined that Salyer owed CACV $18,978.28.

On September 17, 2003, Charles Koehler, an attorney for Martin & Seibert, commenced collecting the debt by writing Salyer debt validation letter. In it, Koehler informed Salyer, *inter alia*, that he owed CACV $17,178.86 and that Salyer may ask for a verification of the debt if he disputed it. Apparently Salyer did ask for verification, but was not satisfied with Martin & Seibert's response. Because Salyer did not remit payment to CACV, it filed suit in the Circuit Court of the City of Roanoke to enforce the arbitration award. Salyer filed an Answer to that Motion for Judgment on April 21, 2004. Although that case is still pending, Salyer decided to file this action on May 4, 2005.

# II

2

Upon motion for summary judgment, the Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 236-7 (4th Cir. 1995). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Instead, the non-moving party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. FED. R. CIV. P. 56(e). If the non-moving party fails to show a genuine issue of fact, summary judgment, if appropriate, may be entered against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III

**A.  FDCPA Violation**

The FDCPA provides a one year statute of limitations "from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, Salyer alleges that the defendants violated 15 U.S.C. §1692g which requires a debt collector to include certain pieces of information in the validation letter it sends the debtor. 15 U.S.C. §1692g(a). Additionally, if the debtor disputes the debt, the statute prohibits a debt collector from pursuing the debt collection until the collector mails a debt verification letter informing the debtor of the debt and the name of the original creditor. 15 U.S.C. §1692g(b). Thus,

3

the debt collector may violate the statute if it fails to include the proper information in the debt validation letter (and does not cure such a deficiency in five days), or if it proceeds with its debt collection activities before the debtor receives proper verification of his debt.

Most courts have found that a FDCPA violation occurs when the debt collector files an enforcement action in state court. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (statute of limitations begins to run when the debt collector files its complaint in state court.); *Prade v. Jackson & Kelly*, 941 F. Supp. 596, 600 (N.D.W.V. 1996) (statute of limitations started to run on either the day the complaint was filed or the day it was served). The Court need not make such a broad holding here. It is sufficient merely to hold that a debtor has notice of a 15 U.S.C. §1692g violation when he does not receive a proper debt verification letter but does receive notice that the debt collector has filed an enforcement action against him.

Here, Martin & Seibert began its collection activity on September 17, 2003, and then filed the enforcement action in state court on March 29, 2004. Salyer then filed an answer to the motion for judgment on April 21, 2004. Because Salyer filed a responsive pleading in the state court enforcement action, he clearly had notice of the suit. Salyer, however, waited until May 4, 2005 to file suit for the alleged violation. Because he sat on his rights for more than a year, this claim must be dismissed as time-barred. *See* 15 U.S.C. § 1692k(d); *See also Prade*, 941 F. Supp. at 600.

**B.    Due Process Violation**

Salyer also avers that the defendants violated 42 U.S.C. §1983 by limiting the time in which he had to respond to the debt collector. Congress enacted 42 U.S.C. §1983 as a vehicle for plaintiffs to redress violations of federal law by those acting under the color of state law. *Kendal v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999). Here, Salyer says the defendants violated his constitutional right to due process.

Generally, a private party cannot violate a person's constitutional right to due process. The

4

purpose of Fourteenth Amendment's Due Process Clause is to protect the people from the State, not to ensure that the State protected them from each other. *Pinder v. Johnson* 54 F.3d 1169, 1174 (4th Cir. 1995). The only exceptions to this rule are where a private party acts jointly with a state official, or acts under color of state law. *See, e.g., Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982). Because the plaintiff has not alleged, and cannot prove, that the defendants acted in concert with state officials, or acted under color of state law, in either sending the validation or verification letter, any alleged conduct will not arise to a due process violation. Thus, this claim must also fail.

C. **State Law Violations**

Because the plaintiff has failed to establish a federal cause of action, the Court also declines to exercise supplemental jurisdiction over any possible state law claims the plaintiff may have raised in his complaint. *See* 28 U.S.C. § 1367(c); *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).

IV

For the foregoing reasons, the Court grants the defendant's motion for summary judgment as to the federal claims, denies the plaintiff's Motion for Summary Judgment, and dismisses without prejudice any remaining state law claim.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the plaintiff and to counsel of record for the defendants, and to strikethe cause from the active docket of the Court.

ENTER: This 27th day of July, 2005.

/s/ James C. Turk
Senior United States District Judge

5